# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1314V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| EVELYN NGUYEN, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: August 13, 2018 |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 11, 2016, Thaihoa Huynh and Cuong Nguyen filed a petition on behalf of their minor child, Evelyn Nguyen, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] (the case caption was subsequently changed after Ms. Nguyen's eighteenth birthday). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of her September 4, 2014, Influenza ("flu") vaccine. The parties filed a stipulation for damages on March 6, 2018 (ECF No. 22), which I adopted as my Decision awarding damages that same day (ECF No. 23).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated July 25, 2018 (ECF No. 27) ("Fees App."), requesting reimbursement in the total amount of $18,250.07 (representing $17,377.60 in attorney's fees, plus $872.47 in costs). Fees. App. at 1. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. *Id.* Respondent reacted to the motion on July 25, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. ECF No. 28, at 2-3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$18,250.07**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests the following rates of compensation for her attorneys: for Mr. Edward Kraus, $375 per hour for work performed in 2015; $389 per hour for work performed in 2016; $398 per hour for work performed in 2017; and $409 for work performed in 2018. Fees App., Tab A at 1-4. For Ms. Amy Kraus, Petitioner requests $300 per hour for work performed in 2015; $311 per hour for work performed in 2016; $318 per hour for work performed in 2017; and $327 per hour for work performed in 2018. *Id.* Petitioner also requests paralegals be compensated at $110 per hour, and that paralegal work performed by Ms. Kraus be compensated at $125-$145 per hour. *Id.*

Counsel in this case have previously been found to be entitled to in-forum rates, and the rates sought within have been previously found by myself and other special masters to be reasonable. *See Domke v. Sec'y of Health & Human Servs.*, No. 16-307V, 2018 WL 1835330, at *7 (Fed. Cl. Spec. Mstr. Mar. 12, 2018); *Freedman v. Sec'y of Health & Human Servs.*, 16–1357V, 2017 WL 7688082 (Fed. Cl. Spec. Mstr. Oct. 20, 2017); *Jackson v. Sec'y of Health & Human Servs.,* 14–1217V, 2017 WL 2243092 (Fed. Cl. Spec. Mstr. April 26, 2017). Although this is the first time I have had a chance to consider the 2018 increased rates, I find that these rates are also reasonable ($409 for Mr. Kraus and $327 for Ms. Kraus). Both requested rates are squarely within the ranges prescribed by the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2018.[4] Additionally, I find that the increase from the 2017 rate to the 2018 rate is reasonable utilizing the Producer Price Index – Office of Lawyers ("PPI-OL") as a measure of inflation. Accordingly, I will not make any adjustments to the rates requested.

I also find the hours spent on this matter to be reasonable, and Respondent has not identified any particular entries as objectionable. Accordingly, I will not reduce the hours requested. Therefore, because no changes shall be made to the requested rates or hours, Petitioner is entitled to the full amount of attorney's fees sought, **$17,377.60**.

Petitioner also requests $872.47 in costs associated with this matter. The requested costs are fees related to obtaining medical records and the filing fee for this matter. Fees App. at Tab B. These are all typical costs for Vaccine Program cases, and Petitioner has provided documentation to support the requested costs. Accordingly, I will award Petitioner the full amount requested for costs, **$872.47**.

---

[4] *See* Attorneys' Forum Hourly Rate Fee Schedule: 2019, available at
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$18,250.07** (representing $17,377.60 in attorney's fees and $872.47 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. Edward Kraus, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.